NO.  14-50321

## IN THE UNITED STATES
## COURT OF APPEALS FOR THE FIFTH CIRCUIT
**************************************

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

ADRIAN RIOS RODRIGUEZ,

Defendant-Appellant.

**************************************

On Appeal from the United States District Court for the
Western District of Texas, El Paso Division
Honorable Philip R. Martinez, Presiding

**************************************

APPELLANT'S BRIEF

**************************************

Joseph D. Vasquez
SBN 00788581
310 N. Mesa, Suite 710
El Paso, Texas 79901
915-542-4556
915-351-7115
e-mail: jdv3law@aol.com


By:    JOSEPH D. VASQUEZ

COUNSEL FOR
ADRIAN RIOS RODRIGUEZ

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, I certify that, in addition to those persons named in the style of the case, the following persons may have an interest in the outcome of this case. This is done so as to enable the Judges of this Court to evaluate possible disqualifications or recuse counsel.

1. Appellee, the United States of America, represented by Mr. Robert Pitman, United States Attorney for the Western District of Texas;

2. Mr. Joseph Gay, Assistant United States Attorney for the Western District of Texas, who represents the government on appeal;

3. Ms. Patricia Aguayo and Stephen Garcia, Assistant United States Attorney for the Western District of Texas, El Paso Division, who represented the government at plea and sentencing hearing;

4. Mr. Robert Harris, who represented the defendant at his plea and sentencing hearing;

5. Mr. Joseph D. Vasquez, who represents the defendant on his appeal;

6. The Honorable Philip R. Martinez, United States District Judge for the Fifth Circuit, Western District of Texas, El Paso Division, who presided over the plea and sentencing of this case.

/s/JOSEPH D. VASQUEZ
JOSEPH D. VASQUEZ

## **STATEMENT REGARDING ORAL ARGUMENT**

Counsel for the Defendant-Appellant has moved to withdraw and filed a brief in compliance with *Anders v. State of Cal.*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); consequently, oral argument is not requested.

**TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PARTIES ................................................ ii

STATEMENT REGARDING ORAL ARGUMENT ................................... iii

TABLE OF CONTENTS.................................................................................. iv

TABLE OF AUTHORITIES ...........................................................................v

SUBJECT MATTER AND APPELLATE JURISDICTION........................ vi

STATEMENT OF ISSUES ........................................................................... vii

ANDERS PREFACE ..................................................................................... viii

STATEMENT OF THE CASE ........................................................................1

SUMMARY OF THE ARGUMENTS ............................................................3

ARGUMENT ....................................................................................................4

CONCLUSION.................................................................................................7

CERTIFICATE OF COMPLIANCE.............................................................7

CERTIFICATE OF SERVICE .......................................................................8

# TABLE OF AUTHORITIES

**Federal Cases**

*Anders v. State of Cal.*,
  386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) .......................iii, viii
*United States v. Brown*,
  591 F.2d 307 (5th Cir. 1979)........................................................................ 6
*United States v. Cooks*,
  589 F.3d 173 (5th Cir. 2009)........................................................................ 5
*United States v. Freeze*,
  707 F.2d 132 (5th Cir. 1983)..................................................................... 6 ,7
*United States v. Gutierrez-Hernandez*,
  581 F.3d 251 (5th Cir. 2009)........................................................................ 5
*United States v. Higdon*,
  832 F.2d 312 (5th Cir. 1987)........................................................................ 6
*United States v. McClure*,
  786 F.2d 1286 (5th Cir. 1986).................................................................. 6, 7
*United States v. Phillips*,
  664 F.2d 971 (5th Cir. 1981)........................................................................ 6
*United States v. Scott*,
  654 F.3d 552 (5th Cir. 2011)........................................................................ 5
*United States v. Williams*,
  517 F.3d 801 (5th Cir. 2008)........................................................................ 5

**Federal Statutes**

18 U.S.C.A. § 3231 (West)........................................................................... vi
18 U.S.C.A. § 3724(a)(West) ........................................................................ vi
28 U.S.C.A. § 1291 (West)........................................................................... vi
28 U.S.C.A. § 2255 (West)............................................................................ 7

**Federal Rules**

Fed. R. App. P. 4(b) ..................................................................................... vi
Fed. R. Crim. P. 11(C)(1)(C) ...................................................................... vii

## SUBJECT MATTER AND APPELLATE JURISDICTION

**1. Subject Matter Jurisdiction in the District Court.**  This case arose from the prosecution of alleged offenses against the laws of the United States. The District Court had jurisdiction of this case under 18 U.S.C.A. § 3231 (West).

**2.  Jurisdiction in the Court of Appeals.**  This is a direct appeal from a final decision of the U.S. District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984.  This Court has jurisdiction of the appeal under 18 U.S.C. § 3724(a) and 28 U.S.C.A. § 1291 (West).

Under Fed. R. App. P. 4(b), a criminal appellant shall file notice of appeal in the district court within 14 days after the entry of (i) judgment or order appealed from or (ii) a notice of appeal by the Government. The court sentenced the Appellant on March 19, 2014.  (ROA. 122). Written judgment was then entered on March 19, 2014. (ROA. 37).  On April 7, 2014, the appellant's trial counsel filed a notice of appeal.  (ROA. 45).

## **STATEMENT OF THE ISSUES**

I.     **THE DEFENDANT'S PLEA OF GUILTY WAS FREE AND VOLUNTARY AND THERE IS NOTHING IN THE RECORD TO INDICATE OTHERWISE**

II.    **THE SENTENCE IMPOSED IS LEGAL AND THE COURT ACCEPTED AND FOLLOWED THE FED. R. CRIM. P. 11 (C)(1)(C) AGREEMENT AS TO SENTENCING ENTERED INTO BY ALL PARTIES**

III.   **THE RECORD ON DIRECT APPEAL IS NOT SUFFICIENTLY DEVELOPED TO RESOLVE ANY CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AS TO THE DEFENDANT'S PLEA OF GUILTY**

## *ANDERS* **PREFACE**

After carefully examining the record on appeal and researching the relevant law, undersigned counsel has concluded that the appeal presents no legally non-frivolous questions. In reaching this conclusion, counsel has thoroughly scrutinized the record, including the indictment, the trial proceedings, and the sentencing hearing for any arguable violation of the U.S. Constitution, the applicable federal statutes, the Federal Rules of Criminal Procedure, and the U.S. Sentencing Guidelines. Because counsel has concluded that no non-frivolous issues are presented by this appeal, he requests leave to withdraw as counsel and submits this brief in accordance with *Anders*, 386 U.S. 738.

## STATEMENT OF THE CASE

### 1.  Nature of the Case and Course of Proceedings and Dispositions in the Court Below.

On December 20, 2013, the defendant pled guilty to count One of a one count Indictment before a U.S. District Judge Philip R. Martinez. (ROA. 108). The indictment out of the Western District of Texas, El Paso Division charged defendant with, Count 1, Attempted Illegal Re-Entry, in violation of 8 U.S.C. section 1326. (ROA. 19). In addition, the government filed a Notice of Intent to Seek Increased Statutory Penalty, as provided by 8 U.S.C. 1326(b)(2). (ROA. 20).

At the appellant's sentencing hearing, the court allowed counsel to comment on the PSR and other sentencing matters (ROA. 128-130), and allowed the appellant an opportunity to speak (ROA. 130).

Prior to the allocution, the court assessed the appellant's base offense level, offense level adjustments, criminal history, as well as the applicable term of supervised release and fine range. (ROA. 129). With regards to count one, the court stated that pursuant to the United States Sentencing Guidelines, the base offense level was a eight plus an additional 16 levels for his prior aggravated felony conviction, the base offense level was 24. After adjusting for acceptance of responsibility, the court stated that the appellant's adjusted

offense level was a 21 with a criminal history category II, resulting in a guideline range of 41 to 51 months. (ROA. 129).

After allocution the court sentenced the appellant to 41 months to serve in the United States Bureau of Prisons. The court then ordered the appellant to serve three years of supervised release. The court ordered no fine, and a special assessment of $100.00. (ROA. 131).

### 2.    Statement of Facts.

If the case had proceeded to trial the evidence would show that in October 29, 2013, Adrian Rios Rodriguez attempted to enter the United States from the Republic of Mexico at the Paso del Norte Port of Entry in El Paso located within the Western District of Texas by presenting a Mexican passport along with a temporary permanent residency stamp bearing the photograph and name of another and representing himself to be that person to a Customs and Border Protection Officer.

Department of Homeland Security records as well as statements by Mr. Rios determined that he is a citizen and native of Mexico, being an alien to the United States.

Immigration records further reflect that defendant was removed from the United States through San Ysidro, California on September 18, 2013. Records also reflect that defendant had not received the consent of the

attorney general or the Secretary of Homeland Security to reapply for

admission into the United States.  (ROA. 107).

## SUMMARY OF THE ARGUMENT

### I. THE DEFENDANT'S PLEA OF GUILTY WAS FREE AND VOLUNTARY AND THERE IS NOTHING IN THE RECORD TO INDICATE OTHERWISE

The appellant pled guilty to count 1 freely and voluntarily, after being

admonished of all his rights. (ROA. 99).  He also agreed, on the record, with

the government's factual basis. (ROA. 107).

### II. THE SENTENCE IMPOSED IS LEGAL, REASONABLE AND SUPPORTED BY A VALID STATEMENT OF REASONS

After hearing allocution from both the appellant and his counsel, the court

recited the applicable guideline ranges as well as statutory limitations. (ROA.

117).  The court then sentenced the appellant to serve 41 months in the United

States Bureau of Prisons, three years Supervised Release, no fine, and a

$100.00 Special Assessment. (ROA. 122).

### III. THE RECORD ON DIRECT APPEAL IS NOT SUFFICIENTLY DEVELOPED TO RESOLVE ANY CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AS TO THE DEFENDANT'S PLEA OF GUILTY

The record is not developed enough to afford any meritorious review of any claim of ineffective assistance of counsel with regards to the appellant's plea.

## **ARGUMENT**

### I. **THE DEFENDANT'S PLEA OF GUILTY WAS FREE AND VOLUNTARY AND THERE IS NOTHING IN THE RECORD TO INDICATE OTHERWISE**

In this instance, the appellant pled guilty and agreed, on the record, with the government's factual basis. (ROA. 44). The court advised the appellant: that any statement given under oath may be used by the government in prosecution for perjury (ROA. 68); the right to jury trial (ROA. 96); the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses (ROA. 97). The court advised the appellant of the nature of each charge to which the appellant is pleading and the maximum possible penalty. (ROA. 83-85). The court then made a determination that the appellant's plea was voluntary, not the result of force, threats, or promises (ROA. 108, 109); and made a determination that there was a factual basis to support the plea. (ROA. 108). Additionally, the court found the appellant competent to enter his Plea and that his plea of guilty was given freely and voluntary. (ROA. 108, 109).

There is nothing within the record to show that the appellant's plea was not free or voluntary.

## II.     THE SENTENCE IMPOSED IS LEGAL, REASONABLE AND SUPPORTED BY A VALID STATEMENT OF REASONS

The Fifth Circuit Court of Appeals holds that "[r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *United States v. Williams*, 517 F.3d 801, 808 (5th Cir. 2008).  After hearing allocution from both the appellant and his counsel, the court recited the applicable guideline ranges as well as statutory limitations. (ROA. 117, 118). In addition, the court sentenced the appellant within the applicable guideline range. (ROA. 122).

The Court applies an abuse-of-discretion standard of review, and within-Guidelines sentences enjoy a presumption of reasonableness. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011); *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Scott*, 654 F.3d, 555; *United States v. Cooks*, 589 F.3d

5

173, 186 (5th Cir. 2009).  In this case, the sentence did not account for a factor

that should have received significant weight, nor does it give significant

weight to an irrelevant or improper factor, or represents a clear error of

judgment in balancing sentencing factors.

**III.    THE RECORD ON DIRECT APPEAL IS NOT
SUFFICEINTLY DEVELOPED TO RESOLVE ANY CLAIM
OF INEFFECTIVE ASSISTANCE OF COUNSEL AS TO
THE DEFENDANT'S PLEA OF GUILTY**

The general rule in this Circuit is that a claim of ineffective assistance

of counsel cannot be resolved on direct appeal when the claim has not been

raised before the district court since no opportunity existed to develop the

record on the merits of the allegations. *United States v. McClure*, 786 F.2d

1286, 1291 (5th Cir. 1986); *United States v. Freeze*, 707 F.2d 132, 138-39

(5th Cir. 1983).  The Court has undertaken to resolve claims of inadequate

representation on direct appeal only in rare cases where the record allowed us

to evaluate fairly the merits of the claim. See, e.g., *United States v. Phillips*,

664 F.2d 971, 1040 (5th Cir. 1981), cert. denied, 457 U.S. 1136, 102 S. Ct.

2965, 73 L. Ed. 2d 1354 (1982); *United States v. Brown*, 591 F.2d 307, 310

(5th Cir. 1979). *United States v. Higdon*, 832 F.2d 312, 313-314 (5th Cir.

1987).

In this case, there is no evidence in the record to make a determination

as to whether the defendant received ineffective assistance of counsel which

would have served to undermine his plea of guilty or the Court's subsequent

sentence.   Therefore, the undersigned counsel requests that the Court permit

the appellant to preserve this issue and raise it in a proper proceeding pursuant

to 28 U.S.C.A. § 2255 (West).  See *McClure*, 786 F.2d at 1291; *Freeze*, 707

F.2d at 139;

## CONCLUSION

After careful review of the record, counsel is of the opinion that there

is no legally non-frivolous issue to raise up on appeal. Counsel also requests

that the Court grant his motion to withdraw as counsel.

## CERTIFICATE OF COMPLIANCE

The brief is less than 30 pages so it does not need a certificate of

compliance with the type-volume limitations.

> Joseph D. Vasquez
> 310 N. Mesa, Suite 710
> El Paso, Texas 79901
> Telephone 915/542-4556
> Facsimile 915/351-7115
> e-mail: jdv3law@aol.com
>
>
> /S/   JOSEPH D. VASQUEZ
> JOSEPH D. VASQUEZ
> State Bar No. 00788581
> LEAD COUNSEL FOR
> ADRIAN RIOS RODRIGUEZ

## CERTIFICATE OF SERVICE

I, Joseph D. Vasquez, certify that I have forwarded, by way of the electronic delivery and United States mails, a copy of this brief to:

1. The United States Attorney for the Western District of Texas, by and through Mr. Joseph H. Gay, Assistant United States Attorney, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and

2. ADRIAN RIOS-RODRIGUEZ 27409-380 at CI Big Spring, 2001 Rickabaugh Dr., Big Spring, TX 79720

Signed: November 7, 2014.

/s/JOSEPH D. VASQUEZ
JOSEPH D. VASQUEZ